Our next case is Lone Star Silicon Innovations LLC v. Micron Technology Inc., number 18-1578. The case is Lone Star If it appears as it may well be here that AMD is a necessary party in order for the lawsuit to go forward because collectively AMD and Lone Star have all the substantial rights to the patents, then why shouldn't per Rule 19 AMD have been ordered to join the case? Absolutely, Your Honor. And Rule 19 has strong language, but I submit this court also has strong language. In the Mentor case, the court said quite clearly that ordinarily, and this is the court's terms, ordinarily where a plaintiff that has brought suit is found not to have standing, the suit is dismissed. So dismissal is not an odd remedy. But here there was a request in the alternative. If the district court were to deem Lone Star as lacking all substantial rights, then please let's join AMD. Two points on that, Your Honor. First is that that is similar to the situation that occurred in the FieldTurf case where a very similar scenario, the party said, let us add the missing patent donor. And this court said that and remanded and said, well, it's unclear from the record whether or not this particular party actually is the patent donor, but the district court on remand should either dismiss without prejudice if it believes that the standing issue can be corrected, or with prejudice if it turns out that this party is not the patentee and so the standing issue cannot be corrected. But it was clear there that under either circumstance, whether or not it could be corrected, the district court would dismiss the case, which is exactly what the court did here. It dismissed without prejudice. Don't we have other cases, maybe Abbott or Asymmetrix, I can't remember, that's where we had to remand the question on Rule 19. And if Rule 19 applied because the party was a necessary party and it was feasible to join them, then the district court ought to join that party. There are certainly cases where this court has allowed joinder. And that is where the Abbott case that Your Honor cites is a good example, because if you look at the discussion there, it makes clear that standing is actually a separate question from the Rule 19 necessary party issue. And so first off, in denying standing, the district court in this case was not necessarily reaching Rule 19. The second point, and this goes to some questions that Judge Rayna asked, is that the Lone Star never pleaded that they were an exclusive licensee below. Can a court sua sponte invoke Rule 19? A court could sua sponte invoke Rule 19, yes. I don't believe that that's what was happening in this case. But as the court recognized, though, to correct standing, even assuming that by joining AMD you could correct standing, it was not simply a question of Rule 19, but it was also a question of Rule 21, which is the addition of parties, and Rule 15, which is the amendment of the pleadings, because Lone Star had never pleaded that it was an exclusive licensee. And so under both of those standards, the court does have some discretion. And I would respectfully submit— Why would it need to plead that it's alternatively an exclusive licensee? I guess the point is that they took the position that under this transfer agreement, they had all substantial rights. That was their view. And then they said, okay, if the district court disagrees and thinks some of the substantial rights were held back by AMD, then please order the joinder of AMD. And some of our case law has made clear that we shouldn't be too caught up in labels. Is this person a patent owner, as that term is used in Section 281? Is this person an exclusive licensee? It's more about who has the substantial rights and where are they located. And if the district court deems that the substantial rights are split within two companies, then why isn't it reasonable for the plaintiff here to request the second party to be joined under those circumstances? The issue there, Your Honor, is the fact that each of the parties still has to have standing. And so it's not simply a question of getting all the rights together in one room. It's a question of each of the parties having standing. And for Lone Star to have standing, if it doesn't have all substantial rights, it needs to be an exclusive licensee. It needs to have some exclusionary right that has been violated so that it has constitutional Article III standing. And they argued all along that they do have constitutional standing. And I don't recall the district court pushing back on that argument. Because, after all, they do have the exclusive right to sue those companies on that white list. Nobody else is allowed to sue those companies. And then if those companies are, in fact, practicing the patent and infringing the patent, then Lone Star's rights are being violated in that instance, which is redressable through a patent infringement action. So none of that was ever pushed back on by the district court. The district court appeared to find that there was no standing because of this prudential reason of needing AMD to be in the case. I agree, Your Honor, that the district court decided it on prudential standing grounds. I would disagree slightly in that simply because they don't have all substantial rights is the same as them saying, well, they must have at least some exclusionary right. And I point the court to the Morrow case, where you had a situation where one party undisputedly had the right to sue for infringement and the sole right to sue for infringement, but did not have ownership. And the court said that the party with the right to sue did not have constitutional standing. And so therefore, simply joining the party that had ownership of the patent did not solve the standing problem. And PROPAT is similar, where you had a party that had the right to sue. And so accepting Your Honor's premise that Lone Star has the right to sue the parties on the white list, that's not recognized as a constitutional injury that provides standing even with the joinder of the patent deed. District court didn't say any of this, though, right? No, the district court said that they had never pled that they were an exclusive licensee. So they had never pled. But Lone Star made the case for why it has constitutional standing, and the district court never addressed that question. It dismissed this case for lack of standing or said there was no jurisdiction because Lone Star is technically not a patentee, as that term is used in the patent statute. Yes, because Your Honor, one can have constitutional standing in one of two ways, either as being the patentee or as being an exclusive licensee. And to be an exclusive licensee, there are certain requirements, including that you have a certain portion of exclusionary rights. I wonder if it's that rigid. Do you have to be either an exclusive licensee or a patentee? Why can't it be that one party has some of the substantial rights and then another party has the other substantial rights, kind of like in diamond coding, for example, where technically there were two parties that shared, that combined had all the substantial rights. And then we indicated in that case, well, the plaintiff, diamond coding, never sought to have the other party, Sanyo, joined. And so, therefore, it was proper to dismiss the case. Because I think the case law is, if not perhaps rigid, is clear that it does have to be an exclusive licensee. And so, again, the Morrow case, the PROPAT case, the textile productions case, those were all cases in which you had an attempted plaintiff which had at least some of the substantial rights, but did not have exclusionary rights, which is what this court is focused on in terms of constitutional standing. And the right to sue is not the exclusionary right. The district court dismissed this under 12b1? I believe the district court didn't specify, but I believe that would probably be the appropriate understanding. Right. And is that appropriate to do that under this more prudential statutory standing kind of theory? I thought the Supreme Court has said in cases like Lexmark, these types of statutory standing questions aren't appropriate to be considered a jurisdictional defect. Instead, it's perhaps a failure to state a claim or something like that. I guess I, again, would point the court to the Mentor case, which said that in cases where a lack of standing is found, dismissal is the ordinary response. Now, whether it would be 12b1 or 12b6, that's not something I think that has been addressed. And unfortunately, I'm not sure if I can address Your Honor's question on that. Thank you. Thank you. We'll restore your time to four minutes. Four minutes. Thank you very much, Your Honor. I want to start with a couple of these jointer cases. First of all, Field Turf and Microsoft Morrow both involved a circumstance where the plaintiff didn't have constitutional standing. In Field Turf, it was because the plaintiff didn't have the right to enforce. In Microsoft, it was because the plaintiff didn't have the right to license. And that's why it couldn't be fixed by jointer. Counsel referred to the Mentor case a couple of times. In that case, the Federal Circuit actually invited the plaintiff to amend the complaint during the appeal to fix a prudential standing problem. So that case certainly doesn't stand for the proposition that adding AMD would have been inappropriate. Diamond Coding is another one. Diamond Coding was only dismissed after the plaintiff was given an opportunity to join the absent party, Sanyo, and for whatever reason decided not to try to join Sanyo. So Diamond Coding is another case that actually supports this here. Back to the standing issue, if I might. Actually, before you go back to standing, you had filed a subsequent litigation where I think you, among the defendants, you included AMD as a defendant? We did file one. Yes, Your Honor. We have filed a case. Is that still alive? It is. That's a case against Micron. We filed that case. AMD refused to join voluntarily. So under the independent wireless standard, we named AMD as a defendant, and we're planning on asking the court to realign AMD as a co-plaintiff. That case was stayed in view of not only this appeal but a number of IPR proceedings, and we have recently settled the litigation with Micron, so that case will be going away. How about these other defendant's appellees? Are you planning on doing more lawsuits against them? We did not refile. The district court said if we did refile, we would lose essentially our priority on the claim, and we would lose roughly a year's worth of damages. So we felt the better course was to appeal. We believe we have the right to proceed without AMD, and we believe we should have been given the right to join AMD in the alternative so that we could take advantage of the litigation that did happen. There was significant amount of litigation that transpired, and we shouldn't have to start all over, and we shouldn't lose a year's worth of damages. If I might just briefly, and I don't have much time, but on this issue of standing, this was in no way a hunting license. Here's why. We got ownership of the patents with absolutely no obligation to do anything with them. It's different than all of the cases like Diamond Coding and PROPAT, where the plaintiff had affirmative obligations to enforce and license the patents or face risk of termination. Our client could have done nothing with these patents because it's the owner. It also had the right as the owner to covenant not to sue certain companies, covenant not to sue AMD. It was an owner, like every other patent owner who has a right to decide what to do and what not to do with its patents. Lone Star absolutely had the right to practice. I'm surprised that's still even an issue because the appellants have conceded this point in their brief. Is Lone Star what we call a non-practicing entity? Yes. They don't practice these patents, and for that matter, there's no evidence that AMD does either. To me, that's completely irrelevant. Under the Supreme Court's crown die decision, the owner of an invention has the natural common law right to practice the invention. The grant clauses here specifically include all rights in and to the inventions, not just the patents. As the owner of the inventions, Lone Star had a common law right to practice them. The whole purpose of the patent is to then give it the right to exclude others from practicing so it can enjoy its natural right to use. Does it go to the definition of the hunting license? I'm sorry? Doesn't the MPE status lend to the definition of the hunting license? No, Your Honor. I guess I have sort of a moral objection to all attempts to characterize MPEs in a pejorative way by referring to this as a hunting license or anything like that. My client is a licensing entity. This agreement was an absolutely proper transfer of rights, and the mechanism that limited my client's rights to sue certain companies was simply a mechanism to make sure that Lone Star didn't sue companies that already had rights under these patents. That was a very pragmatic and laudable way of structuring the agreement, and it's no different than any other circumstance where a patent owner decides not to pursue certain companies for whatever reason it chooses. That is the fundamental right of ownership that Abbott confirmed, the right to indulge infringement. And, of course, any party that already has license rights through previous agreements with AMD, my client has no claim and has no constitutional standing to pursue those claims. Can you conclude for us? Well, in conclusion, Your Honor, we obviously believe that the court got the standing issue wrong, and the case should be reversed on that basis. But in the alternative, we should have at least had the opportunity to join AMD, and none of the reasons that have been argued for why we were denied the joinder, none of those are valid reasons. Thank you.